PEOPLE v AMBROSE

Docket No. 327877. Submitted October 12, 2016, at Grand Rapids.
Decided October 25, 2016, at 9:00 a.m.

Samuel D. Ambrose pleaded guilty in the Allegan Circuit Court to
felonious assault, MCL 750.82, and intimidating or interfering
with a witness, MCL 750.122. He was sentenced, above the
recommended minimum sentence range under the sentencing
guidelines, to consecutive terms of 32 to 48 months of imprison-
ment for felonious assault and 16 to 48 months of imprisonment
for intimidating or interfering with a witness. Defendant's con-
victions arose from the assault of his pregnant girlfriend who had
been disabled by a stroke and who used a wheelchair at the time
of the assault. At sentencing, defendant contested his Offense
Variable (OV) 9 score, MCL 777.39, arguing that a score of 10
points was not appropriate because two to nine victims were not
placed in danger of injury or death as a result of his conduct. The
court, Kevin W. Cronin, J., disagreed with defendant, noting that
MCL 750.90a and MCL 750.90b criminalized conduct that caused
miscarriage, stillbirth, or injury to an embryo or fetus. The court
also stated that MCL 750.90a and MCL 750.90b had not been set
aside by any state or federal court and that although the
Legislature could dictate a different outcome in the future, the
court was satisfied that the laws criminalizing conduct causing
injury to a fetus supported counting an endangered fetus as a
victim for purposes of OV 9. Defendant appealed by delayed leave
granted.

The Court of Appeals held:

1. A defendant should be assigned 10 points for OV 9 when his
or her conduct placed two to nine victims in danger of physical
injury or death. The statute requires that all persons placed in
danger of injury, loss of property, or death be counted as victims.
The statutory language does not, however, contain any limiting
language that would support a conclusion that only persons can
be considered victims under OV 9. The term "victim" means one
that is acted on by the defendant's criminal conduct and placed in
danger of loss of life, bodily injury, or loss of property. Because the
Legislature has enacted MCL 750.90a and MCL 750.90b, which

penalize conduct that causes injury or death to an embryo or fetus, it follows that an embryo or a fetus may be counted as a victim for purposes of OV 9. In this case, the assault victim's fetus was apparently not harmed, but defendant's conduct placed the fetus at risk of injury, which was sufficient to support an OV 9 score of 10 points.

2. A departure sentence no longer needs to be supported by substantial and compelling reasons for the departure, but a departure sentence must be reasonable. Although a sentencing court may depart from the guidelines without stating any substantial and compelling reasons for departure, the court must score the appropriate OVs and consider the resulting recommended minimum sentence as advisory when making its sentencing decision. In this case, the sentencing court departed minimally from the guidelines as calculated using 10 points for OV 9, and the court gave a litany of reasons for the departure. The departure sentence was reasonable because it was minimal and well supported by the court's reasoning.

Affirmed.

O'CONNELL, J., concurring, agreed with both the reasoning and result of the majority opinion but emphasized that the Legislature is the final arbiter of public policy and that the Legislature had clearly expressed in MCL 750.90a and MCL 750.90b that a fetus may be a victim of a defendant's criminal conduct. Therefore, OV 9 was correctly scored at 10 points. It was unnecessary to the disposition of this case to determine whether a fetus is a person under the law. OV 9 uses the term "victim" broadly, and there is no reason to impose a stricter definition on the term. Moreover, even if OV 9 had not been properly scored, defendant would not have been entitled to resentencing because the departure sentence was reasonable.

CRIMINAL LAW — SENTENCING GUIDELINES — OFFENSE VARIABLE 9 — NUMBER OF VICTIMS INCLUDES FETUSES AND EMBRYOS.

A fetus or an embryo may be counted as a victim for purposes of scoring Offense Variable 9, MCL 777.39, if the embryo or fetus was placed in danger of physical injury or death by a defendant's conduct.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Frederick Anderson*, Prosecuting Attorney, and *Judy Hughes Astle*, Assistant Prosecuting Attorney, for the people.

*Charles B. Covello* for defendant.

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

BOONSTRA, J. Defendant pleaded guilty to felonious assault, MCL 750.82, and intimidating or interfering with a witness, MCL 750.122. The trial court sentenced him to consecutive terms of 32 to 48 months' imprisonment (with credit for 212 days served) for felonious assault and 16 to 48 months' imprisonment (with credit for 201 days served) for intimidating or interfering with a witness. Defendant appeals his felonious-assault sentence by delayed leave granted, the issue limited to the scoring of Offense Variable (OV) 9, MCL 777.39.[1] We affirm.

I. PERTINENT FACTS AND PROCEDURAL HISTORY

A detailed recitation of the facts underlying defendant's plea is unnecessary for resolution of the issue on appeal. Defendant pleaded guilty to feloniously assaulting his pregnant girlfriend, including wrestling her out of her wheelchair, threatening her with a knife, punching her in the abdomen, and holding her head under water. At sentencing, the trial court concluded that OV 9 was properly scored at 10 points because two to nine victims had been placed at risk of bodily injury or loss of life. The trial court stated:

> [A]nd I'm affirming the score of OV9 for the number of victims and I guess I take my queue [sic] from statutes MCL 750.90(a) and 90(b), criminalizing behavior which intentionally causes miscarriage or stillbirth or injury to an embryo or a fetus. It criminalizes that behavior so these

---

[1] *People v Ambrose*, unpublished order of the Court of Appeals, entered August 13, 2015 (Docket No. 327877).

statutes affected both of them on June 1, 2001, never been set aside by any court in Michigan or any federal court as violative of law, constitution or any other legal mandate. Seemed to send the message, we respect the right of a fetus to calm and peaceful environmental circumstances without threat of harm to them. And the defendant, it said in this report, punched the victim not only in her head but in her belly area when she was pregnant with this child so I'm satisfied that if the legislature wants to tell us we can't criminalize the defendant's behavior because, as a second person, because that second person is a fetus, well they can give us that guidance and we'll, you know, we'll respond accordingly.

The trial court imposed a sentence that was an upward departure from the minimum sentence range recommended under the sentencing guidelines. The trial court asserted that the following substantial and compelling reasons justified the departure:[2] the victim was a stroke victim, disabled, in a wheelchair, and pregnant; part of the victim's body was not functional; the victim could not defend herself; defendant knew about the victim's stroke and the wheelchair; the victim was obviously very frightened; the victim's injuries, which included a bruise and scratches; the mud on the victim's face and hair; the use of a knife against the victim; the victim's terror at being held under water as a stroke victim who could not struggle as could a fully healthy person; and the victim's terror at being held under water contemplating her death and that of her baby. The trial court noted that its minimum sentence of 32 months departed "slightly more than 10% above the maximum guideline" of 29

[2] A sentencing court is no longer required to justify a departure with substantial and compelling reasons, as we discuss later in this opinion. *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), cert den sub nom *Michigan v Lockridge*, ___ US ___; 136 S Ct 590; 193 L Ed 2d 487 (2015).

months and that this departure was "minimalistic even given the high state of terror and the callousness demonstrated in this crime." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo issues of statutory interpretation. *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010). Issues involving "the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.*, . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred by scoring OV 9 at 10 points instead of zero points because a fetus cannot be counted as a "victim" when scoring OV 9. We disagree.[3]

---

[3] On appeal, the prosecution has not advanced its argument below that the trial court correctly scored OV 9, instead focusing its appellate argument on whether resentencing is in any event necessary. However, we disagree with any assumption that defendant's OV 9 score requires that a fetus be found to be a "person" under the law. Instead, and because we conclude that the trial court could properly consider the fetus as a victim without finding the fetus to be a person, we hold, in our

"The fundamental task of statutory construction is to discover and give effect to the intent of the Legislature." *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). "The statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *People v Lowe*, 484 Mich 718, 721-722; 773 NW2d 1 (2009). If the statutory language is unambiguous, then the statute is applied as written. *Borchard-Ruhland*, 460 Mich at 284. "If the statute defines a term, that definition controls." *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010). When interpreting the Michigan Penal Code, MCL 750.1 *et seq.*, this Court is not to apply strict construction, but must construe the provisions "according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2; *People v Flick*, 487 Mich 1, 11; 790 NW2d 295 (2010).

The legislative instructions for scoring OV 9 are found in MCL 777.39, which provides in relevant part:

> (1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> \* \* \*
>
> (c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss..........................10 points
>
> (d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss..........0 points

de novo review of the interpretation and application of the sentencing guidelines, that the trial court did not err by scoring OV 9 at 10 points.

> (2) All of the following apply to scoring offense variable 9:
>
> (a) Count each person who was placed in danger of physical injury or loss of life or property as a victim.

For OV 9 to be scored at 10 points, there must have been "2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). MCL 777.39(1)(c) does not define the term "victim" as a dictionary would—by setting forth the meaning of the term. However, MCL 777.39(2)(a) does instruct courts to "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." Notably, MCL 777.39(2)(a) contains no words limiting the definition of "victim" to *persons* who were placed in danger of physical injury or loss of life or property. Rather, it simply states that those persons *must* be counted as victims.[4] Therefore, we determine that there is no basis on which to conclude that the word "victim" as used in MCL 777.39 must be defined only to include persons who suffered danger of physical injury or loss of life. See, e.g., *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 172; 610 NW2d 613 (2000) (refusing to limit the statutory definition of "member" in a particular act to only accredited associations in light of the lack of limiting language in the act's definition of "member").

Further, because we read MCL 777.39(2)(a) as only providing guidance to the trial court about who *must* be counted as a victim, and not as providing a complete and limiting definition of the term "victim," we may consult a dictionary for guidance. See *People v Stone*, 463 Mich

---

[4] "Person," as it is defined under the Penal Code, "include[s], unless a contrary intention appears, public and private corporations, copartnerships, and unincorporated or voluntary associations." MCL 750.10. A similar definition, including "an individual" in its definition of "person," appears in the Code of Criminal Procedure. MCL 761.1(a).

558, 563; 621 NW2d 702 (2001). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "victim" as "one that is acted on and usu[ally] adversely affected by a force or agent[.]" We therefore conclude that MCL 777.39 allows a trial court when scoring OV 9 to count as a victim "one that is acted on" by the defendant's criminal conduct and placed in danger of loss of life, bodily injury, or loss of property. *Stone*, 463 Mich at 563.

Our Legislature has indicated that a crime has been committed when a defendant's conduct places a fetus at risk of loss of life or bodily injury. For example, MCL 750.90a provides:

> If a person intentionally commits conduct proscribed under sections 81 to 89 [which involve various types of assaultive offenses] against a pregnant individual, the person is guilty of a felony punishable by imprisonment for life or any term of years if all of the following apply:
>
> (a) The person intended to cause a miscarriage or stillbirth by that individual or death or great bodily harm to the embryo or fetus, or acted in wanton or willful disregard of the likelihood that the natural tendency of the person's conduct is to cause a miscarriage or stillbirth or death or great bodily harm to the embryo or fetus.
>
> (b) The person's conduct resulted in a miscarriage or stillbirth by that individual or death to the embryo or fetus.

Additionally, MCL 750.90b provides:

> A person who intentionally commits conduct proscribed under sections 81 to 89 against a pregnant individual is guilty of a crime as follows:
>
> (a) If the conduct results in a miscarriage or stillbirth by that individual, or death to the embryo or fetus, a felony punishable by imprisonment for not more than 15 years or a fine of not more than $7,500.00, or both.
>
> (b) If the conduct results in great bodily harm to the embryo or fetus, a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both.

(c) If the conduct results in serious or aggravated physical injury to the embryo or fetus, a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

(d) If the conduct results in physical injury to the embryo or fetus, a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

And MCL 750.90e provides:

If a person operates a motor vehicle in a careless or reckless manner, but not willfully or wantonly, that is the proximate cause of an accident involving a pregnant individual and the accident results in a miscarriage or stillbirth by that individual or death to the embryo or fetus, the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

In this case, the trial court identified conduct by defendant that placed the fetus at risk of bodily injury or loss of life, not only as an indirect result of the risk of death or harm to the victim-mother but also as a direct result of blows to the victim-mother's abdominal area. Under the circumstances of this case, and without declaring the fetus in this case to be a person under the law, we conclude that the trial court did not err by counting the fetus as a victim for purposes of scoring OV 9.[5]

---

[5] The instant case is distinguishable from this Court's recent decision in *People v Jones*, 317 Mich App 416; 894 NW2d 723 (2016). In *Jones*, this Court determined that "a fetus is not a 'child' for purposes of the first-degree child abuse statute," MCL 750.136b(2). *Id.* at 428-429. Importantly, the term "child" is statutorily defined as " 'a *person* who is less than 18 years of age and is not emancipated by operation of law . . . .' " *Id.* at 422, quoting MCL 750.136b(1)(a). The issue in *Jones* was whether a fetus is included in the definitions of "person" found in the Penal Code and the Code of Criminal Procedure, which, for

Further, even if we were to assume that the trial court erred by scoring OV 9 at 10 points, we would conclude that resentencing is not required. Under *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), a trial court's departure from a defendant's recommended sentencing guidelines range is reviewed by this Court for reasonableness. Defendant has not challenged the trial court's departure from the guidelines as unreasonable. In light of the facts of this case, the trial court's lengthy articulation of its reasons for departing from the guidelines, and the minor extent of the departure, we hold that the departure was reasonable. Although in *People v Biddles*, 316 Mich App 148, 156-158; 896 NW2d 461 (2016), we recently clarified the distinction between *Francisco* errors[6] and *Lockridge* errors, *Biddles* did not deal with an upward departure. We do not read *Biddles* as requiring remand for a *Francisco* error when we have determined (as in this case) that a sentencing departure is reasonable under *Lockridge* and that the sentence "did not rely on the minimum sentence range from . . . improperly scored guidelines . . . ." *Lockridge*, 498 Mich at 394; see also *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003) (holding that it was unnecessary to determine if there was a scoring error under OV 11 that required resentencing when the sentence imposed was a departure "above the recommended range in any event, and the court expressly stated the . . . reasons that justified the departure").

Affirmed.

K. F. KELLY, P.J., concurred with BOONSTRA, J.

---

the reasons we state in this opinion, is a determination not necessary for resolution of the issue before us in the instant case.

[6] *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

O'CONNELL, J. (*concurring*). I concur with both the reasoning and the result of the majority opinion. I write separately to emphasize that the Michigan Legislature, as the final arbiter of public policy in this state, *Van v Zahorik*, 227 Mich App 90, 95; 575 NW2d 566 (1997), has clearly enunciated that a fetus can be a victim under Michigan law. Consistent with Michigan law and Michigan's public policy, the learned trial court concluded that a fetus was a victim for purposes of scoring Offense Variable (OV) 9. I agree with the majority and would affirm the trial court's well-reasoned decision.

### I. PUBLIC POLICY

At issue in this case are the instructions for scoring OV 9 found in MCL 777.39 concerning the number of victims. MCL 777.39(1)(c) directs the trial court to assess 10 points if two to nine victims were placed in danger of physical injury or death. The statute defines "victim" broadly, and this Court cannot limit the word "victim" in OV 9 to mean "person" only.

No appellate decision has considered whether, when scoring OV 9, a fetus may be counted as a victim placed in danger of physical injury or death. The facts of this case are reprehensible, leaving no doubt that defendant placed the mother and her fetus in both danger of death and physical injury. The trial court departed from the sentencing guidelines and explained its reasons as follows:

> There's prior domestic violence convictions and I just can't remember when I've been so appalled at a defendant's behavior of what-what cruelty, what total disregard for human life and decency there was in this particular incident. I just can't wrap my head around it. It's probably going to stick with me for quite sometime.

* * *

He's holding her underwater when she's in a ditch. This report suggests that he flopped her in the ditch in the water on the side that was paralyzed. I mean callousness to the-to the max degree. It's just-really this is something you'd only do to someone you're trying to destroy and this lady was pregnant. How the defendant could rationalize this is just beyond me. It's just unspeakably inhumanly belligerent and-and disrespectful to the child she was carrying as well as to herself and frightening to anybody in the community that would see any part of this would be just appalled.

*   *   *

The Court has authority to go over the guidelines when it thinks there's substantial and compelling reasons to do so. The evidence is-provided the evidence is objective and verifiable. I've talked about the bruise on the victim, the mud on her face and hair. The scratches that were referred to and the conversations between the two of them. The knife, the fact that she was in a wheelchair and had a stroke and both of those things were known to this defendant. All of these are reasons that make this particular crime one that can legitimately be described as careless [sic, callous?] and one that the guidelines don't really adequately treat in terms of its gravity, its terror.

The idea of being in a ditch in the water when you are a fully healthy person that can struggle against that and come up for air is one thing. Being there when you're a stroke victim and you've just been tossed out of your wheelchair unexpectedly, is an entirely different level of terror. I would acquaint it to what some prisoners in (inaudible) under went when they were in that prison and were water boarded. Struggling when you know you don't have the-a hope, a prayer of resisting your oppressors and you're likely to drown and knowing that the end of [y]our life almost certainly means your unborn baby is going to die with you and all of that for what, because you're having an argument with a boyfriend of yours and it's just-it's just the stuff of which nightmares and horror films are made of but it's the fact that it got played out in Allegan County . . . .

Defendant relies on *People v Guthrie*, 97 Mich App 226; 293 NW2d 775 (1980), for the proposition that unborn babies are not persons and therefore cannot be victims within the meaning of MCL 777.39(1)(c). In the 36 years since *Guthrie* was decided, our Legislature has enacted laws that criminalize actions that harm or have the potential to harm unborn babies. As the trial court recognized, defendant could have been charged under MCL 750.90a for intentional criminal conduct against a pregnant individual if he acted in wanton or willful disregard of the likelihood that the natural tendency of his conduct would "cause a miscarriage or stillbirth or death or great bodily harm to the embryo or fetus." MCL 750.90b and MCL 750.90c penalize intentional conduct and grossly negligent conduct, respectively, against a pregnant individual resulting in miscarriage, stillbirth, death, serious or aggravated physical injury, or great bodily harm to an embryo or fetus. And MCL 750.90d penalizes conduct resulting in a vehicular accident involving a pregnant individual causing miscarriage, stillbirth, death, serious or aggravated injury, or great bodily harm to the embryo or fetus. Further, in 2002, this Court extended the defense-of-others defense to allow the use of deadly force to protect a fetus. *People v Kurr*, 253 Mich App 317, 321, 328; 654 NW2d 651 (2002) (indicating that a fetus put in danger by an assault of the mother may be considered "another" for purpose of the defense-of-others defense).

MCL 777.39(1)(c) does not mention the word person; the provision speaks broadly in terms of victims, not persons. In light of these developments in the law to criminalize acts against the unborn, embryos, and fetuses, and because caselaw indicates that a fetus may be considered "another," it is clear that fetuses can be victims for purposes of OV 9 regardless of whether

a fetus is considered a person. Therefore, I concur with the majority opinion.

## II. DEPARTURE SENTENCE

If ever a case would waste judicial resources by a remand for resentencing, it is this case. The trial court's departure was minimal and its reasons for departure were extensive. I note that even if this Court reduced defendant's OV 9 score from 10 points to zero points, defendant's OV score would only change the recommended minimum sentence range under the sentencing guidelines from 14 to 29 months' imprisonment to 12 to 24 months' imprisonment. Defendant's well-deserved departure sentence was 32 months, which only minimally exceeded either of the two guidelines ranges.

Under *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the sentencing guidelines are now only advisory and departure sentences are reviewed for reasonableness. In light of the facts of this case, the trial court's lengthy articulation of its reasons for departing from the guidelines, and the minor extent of the departure, defendant's sentence was clearly not unreasonable—rather, it was well deserved. I conclude that the guidelines were properly scored and, even if the guidelines were wrongly scored, a remand for resentencing under these facts would be a waste of judicial resources.

I concur in affirming the trial court's sentencing decision.